IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01921-RMR-MDB

DR. ANUJ PEDDADA,

       Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO d/b/a CENTURA HEALTH-
PENROSE-ST. FRANCIS HEALTH SERVICES; and
COMMONSPIRIT HEALTH FOUNDATION d/b/a COMMONSPIRIT HEALTH,

       Defendants.

## MOTION TO DISMISS WRONGFUL DISCHARGE CLAIM

Penrose respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Dr. Anuj Peddada's ("Peddada") eighth claim for relief, wrongful discharge in violation of public policy. As grounds therefore, it is stated:

**GENERAL BACKGROUND**

As stated in the Scheduling Order's Statement of Defenses:

Peddada owned a practice group, Radiation Oncology PC ("ROPC") with his partner, Dr. Alan Monroe. Although Peddada provided excellent medical care and was financially productive, he was rude and abusive to staff. Peddada refused to speak to his partner, Dr. Monroe, for months, and the ROPC doctors did not want to keep practicing together. To help resolve ROPC's relationship issues, Penrose suggested the hiring of Peddada and Monroe as employees at different locations. In the highly regulated field of healthcare and physician contracting, a legally required aspect of those employment agreements was a ROPC loan repayment/forgiveness provision that had been discussed with both doctors, which was accepted by Monroe but resisted by Peddada. While awaiting legal advice on the structure and wording of that provision, Penrose distributed a discussion draft of the standard physician employment agreement. Since credentialing of new employed physicians with payors takes time, there was dire urgency to getting an agreement in place. Without realizing that the repayment/forgiveness provision was missing, Eric Koval allowed Peddada to sign the discussion draft which was incomplete and illegal without it. When Koval realized that it was not the intended agreement, he immediately informed Peddada that Penrose would not sign it and that a new agreement which included the required provision would be circulated. In mid-April 2020, Peddada informed ROPC (with a copy to Penrose) that he was taking a three month medical leave

1

from ROPC. After that request was made and the 3 month leave was started, Penrose approved Peddada's medical leave and offered Peddada employment by sending him the complete employment agreement to sign. Peddada did not sign the employment agreement and refused to communicate with Penrose about it, claiming that he did not have to talk with Penrose about the agreement because he was on medical leave. Meanwhile, Peddada put his house on the market. Penrose executives felt that Peddada was trying to avoid both the repayment obligation and a commitment to Penrose. Given that Peddada had refused to talk to his partner for months and was now adamantly refusing to talk to Penrose about his employment agreement for the next several months despite the urgency of the situation, Penrose was left hanging in an untenable situation. So after waiting for Peddada to reconsider and respond for two weeks, Penrose had no choice but to withdraw the offer of employment and move forward with a new applicant. Penrose fully accommodated Peddada's request for leave and only withdrew the offer as a result of Peddada's inexplicable, bizarre refusal to communicate and his patterns that destroyed hope for a productive working relationship.

**LEGAL STANDARD**

In order to recover on a claim for wrongful discharge in violation of public policy, a plaintiff must prove that "**he or she was employed by the defendant**; that the defendant discharged him or her; and that the defendant discharged him or her in retaliation for exercising a job-related right or performing a specific statutory duty, or that the termination would undermine a clearly expressed public policy." *Kearl v. Portage Env't, Inc.*, 205 P.3d 496, 499 (Colo. App. 2008) (emphasis added). In this case, Peddada was never employed

by Penrose, and therefore, his wrongful discharge claim fails at the very first element. The Court should therefore dismiss this claim with prejudice.

## FACTUAL BACKGROUND

The following facts, that are based only on what is or is not alleged in the Complaint, are the only ones on which this Motion to Dismiss relies:

1. Peddada owned a practice group, ROPC, and brought on another doctor, Dr. Alan Monroe, who was made an equal partner. Pl.'s Compl. ¶ 22.

2. ROPC contracted exclusively to provide radiation oncology services at Penrose Cancer Center, in Colorado Springs. *Id.* at ¶ 23.

3. In 2020, Penrose discussed with ROPC that, in addition to ROPC's services to Penrose Hospital, Penrose wanted ROPC to provide radiation oncology coverage to St. Francis Medical Center ("St. Francis") beginning July of 2021. *Id.* at ¶ 61.

4. In December 2021, Penrose informed ROPC that it would not renew the exclusive contract for ROPC to perform radiation oncology services at Penrose Hospital and St. Francis once the contract expired on June 1, 2022. *Id.* at ¶ 70.

5. Instead, Penrose explained that, after the contract expired, it intended to hire one full-time radiation oncologist employee at Penrose and another at St. Francis. *Id.* at ¶ 71.

6. The Complaint alleges that Penrose tendered two versions of an employment agreement to Dr. Peddada. *Id.* at ¶¶ 78,104.

7. The Complaint does not allege that either of those versions were ever signed by anyone at Penrose, let alone by the needed Penrose signatory, Jason Tacha.

3

8. Regardless, the Complaint alleges that the agreement relied upon by Peddada provided that Dr. Peddada would begin employment at Penrose on a mutually agreed upon start date of July 1, 2022, *Id.* at ¶ 80, though he intended to continue working at Penrose through ROPC (his employer) until that start date. *Id.* at ¶ 98.

9. The act Peddada alleges and relies on to establish the third element of a wrongful discharge claim (i.e., that the offer of employment was withdrawn because he self-reported his physician burnout) occurred, according to Peddada, in April of 2022, long before Peddada's potential start date of July 1, 2022. *See* Compl. at ¶¶ 85, 88-89, 197-199, 201-203. Peddada therefore did not exercise a right or perform a public duty "during the course of employment" by Penrose. He was still employed by ROPC, his own Company, at that time.

10. The Complaint does not allege that the discussions between parties ever resulted in a final, fully executed agreement, approved and signed by both parties, or that Dr. Peddada ever became employed by Penrose.

**ARGUMENT**

The first two elements of a wrongful discharge claim are (1) employment by the defendant and (2) discharge by the defendant. *See Kearl,* 205 P.3d at 499; *see also* Colorado Jury Instruction Chapter 31:13 (requiring plaintiff to exercise a right or perform a public duty "during the course of employment."). Peddada was never employed by Penrose. Therefore, he could not have been discharged by Penrose. For these reasons, Peddada's wrongful discharge claim fails.

WHEREFORE, Penrose respectfully moves this Court to enter an Order dismissing Plaintiff's wrongful discharge claim with prejudice.

Respectfully submitted this 21st day of September, 2023.

        HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

        By: *s/ Melvin B. Sabey*
           Melvin B. Sabey
           Mark L. Sabey
           Lindsay K. McManus
           999 17th Street, Suite 800, Denver, CO 80202
           (303) 801-3535 / melsabey@hallrender.com
           (303) 801-3538 / marksabey@hallrender.com
           (303) 802-1293 / lmcmanus@hallrender.com

        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 21, 2023, a true and correct copy of the foregoing was filed via CM/ECF which serves the following parties electronically:

Iris Halpern
Qusair Mohamedbhai
Omeed Azmoudeh
Rathod | Mohamedbhai LLC
2701 Lawrence St., Ste. 100
Denver, CO 80202
ih@rmlawyers.com
qm@rmlawyers.com
oa@rmlawyers.com
*Attorneys for Plaintiff*

        *s/ Rebecca Gibson*
        Rebecca Gibson
        Legal Administrative Assistant