## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01921-RMR-MDB

DR. ANUJ PEDDADA,

      Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO d/b/a CENTURA HEALTH-PENROSE-
ST. FRANCIS HEALTH SERVICES; and
COMMONSPIRIT HEALTH FOUNDATION d/b/a COMMONSPIRIT HEALTH,

      Defendants.

---

### MOTION TO RESTRICT PUBLIC ACCESS TO EXHIBIT 7 AND EXHIBIT 13 TO PENROSE'S REPLY IN SUPPORT OF MOTION TO DISMISS WRONGFUL DISCHARGE CLAIM

---

Pursuant to D.C.COLO.LCivR 7.2, Defendants Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services and CommonSpirit Health Foundation d/b/a CommonSpirit Health (collectively, "Penrose," until the parties reach a resolution regarding the appropriate defendant(s) in this case) by and through counsel, hereby respectfully request that this Court enter an order placing a Level 1 Restriction of Public Access on Exhibit 7 and Exhibit 13 to Penrose's Reply in Support of Motion to Dismiss Wrongful Discharge Claim (Dkt. 27).  As grounds therefore, Penrose states the following:

### CERTIFICATE OF CONFERRAL

On October 26, 2023, Penrose filed a Reply in Support of its Motion to Dismiss Wrongful Discharge Claim (Dkt. 27) (the "Reply") and seven exhibits attached thereto. Penrose filed each of these documents under a Level 1 Restriction pursuant to D.C.COLO.LCivR 7.2(e) so that it could determine with Plaintiff's counsel over the coming days whether restriction was necessary

due to the documents including Plaintiff's medical information and both parties' confidential business information.

During conferral, Plaintiff's counsel expressed that Plaintiff is opposed to restricting access to any of the exhibits, while Penrose communicated its intention to seek restriction on Exhibits 7 and 13, which contain Penrose's complete and incomplete physician employment agreements, respectively. Therefore, the relief sought herein is limited to restricting access to only those two exhibits.

## ARGUMENT

"'Courts have long recognized a common-law right of access to judicial records,' but this right '**is not absolute**.'" *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. Of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)) (emphasis added).

A party may overcome the presumption of public access where the documents contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *United States v. Hubbard,* 650 F.2d 293, 315 (D.C. Cir. 1980) (same); *see also Cahey v. Int'l Bus. Machines Corp.*, No. 20-CV-00781-NYW, 2021 WL 5051953, at *2 (D. Colo. Apr. 2, 2021)(concluding that internal incentive and compensation structure was confidential and proprietary information and disclosure of such information could cause significant harm). Additionally, a party may overcome the presumption of public access where the records contain trade secrets. *See Pine Tel. Co. v. Alcatel Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015).

Pursuant to D.C.COLO.LCivR 7.2(c), a party seeking to restrict public access to documents must:

(1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction); (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and (5) identify the level of restriction sought.

The documents for which Penrose seeks Level 1 Restriction are (1) Penrose's complete physician employment agreement attached to its Reply as Exhibit 7; and (2) Penrose's incomplete physician employment agreement attached to its Reply as Exhibit 13. These agreements contain confidential, proprietary, and competitively sensitive trade secret information, including how Penrose structures its physician employment contracts, Centura's general Physician Compensation Plan, specific compensation terms, and restrictive covenants. Because Penrose competes against other hospitals in Colorado, disclosure of the terms of its employment agreements would provide competing hospitals with a competitive advantage against Penrose, resulting in irreparable harm to Penrose, including with regard to recruitment and retention of physicians.

Penrose will be designating the employment agreements as "confidential" under the parties' protective order. More significantly, Penrose has already sought to protect its employment agreements against disclosure through inclusion of Section 6.3 in both agreements:

**6.3    Confidential Agreement**.  The provisions of this Agreement shall be confidential in nature and neither party shall divulge any of the provisions of this Agreement to any third parties, except as necessary for Hospital and Centura business, or as may be required by law.

Finally, other than a few standard boilerplate provisions that are not relevant to this case, the remaining provisions in the agreements are substantive in nature, and in the hands of a competitor, could be used to bargain against Penrose. Therefore, only restriction will adequately

protect Penrose's interests. Moreover, as demonstrated by the contract provision cited above,

Penrose's intention is for all of the provisions of the agreements to remain confidential.

WHEREFORE, Penrose respectfully requests that this Court enter an Order imposing

Level 1 Restriction on Exhibits 7 and 13 to its Reply in Support of Motion to Dismiss Wrongful

Discharge Claim.

Respectfully submitted this 9th day of November, 2023.

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

By:     s/ Mark L. Sabey
    Melvin B. Sabey
    Mark L. Sabey
    Lindsay K. McManus
    999 17th Street, Suite 800, Denver, CO 80202
    (303) 801-3535 / melsabey@hallrender.com
    (303) 801-3538 / marksabey@hallrender.com
    (303) 802-1293 / lmcmanus@hallrender.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 9, 2023, a true and correct copy of the foregoing was filed via CM/ECF which serves the following parties electronically:

Iris Halpern
Qusair Mohamedbhai
Omeed Azmoudeh
Rathod | Mohamedbhai LLC
2701 Lawrence St., Ste. 100
Denver, CO 80202
ih@rmlawyers.com
qm@rmlawyers.com
oa@rmlawyers.com
*Attorneys for Plaintiff*

s/ Crystal J. Sebastiani
Crystal J. Sebastiani, Paralegal

4