# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01921-RMR-MDB

DR. ANUJ PEDDADA

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO D/B/A CENTURA HEALTH-PENROSE-ST. FRANCIS HEALTH SERVICES; and,
COMMONSPIRIT HEALTH FOUNDATION D/B/A COMMONSPIRIT HEALTH

    Defendants.

---

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY TO MOTION TO DISMISS WRONGFUL DISCHARGE CLAIM [ECF NO. 21]

---

In reply in support their motion to dismiss Plaintiff Dr. Peddada's wrongful discharge claim, Defendants raise several new arguments relying on **seven** new exhibits not attached to their original motion. Accordingly, Dr. Peddada seeks leave to file a surreply, which is attached as Exhibit A, to ensure an adequate and equitable opportunity to address previously unraised contentions before any ruling.[1] Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel conferred with counsel for Defendants regarding the relief sought herein. Defendants do not oppose this motion.

## LEGAL STANDARD

Although "neither the Federal Rules of Civil Procedure nor this Court's local rules of procedure provide for the filing of surreply briefs," a surreply is nevertheless warranted "if the

---

[1] If leave is granted, Dr. Peddada respectfully requests that the Court formally lodge the attached Exhibit A as accepted in the ECF system.

1

reply brief raises new material that was not included in the original motion." *Pirnie v. Key Energy Servs., LLC*, No. 08-cv1256-CMA-KMT, 2009 WL 1386997 at *1 (D. Colo. May 15, 2009) (citing *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005)). "'New material' can include new legal arguments or factual evidence." *Id*. (quoting *Green*, 420 at 1196). If a court does not permit a surreply, "then the court can avoid error only by not relying on the new materials and arguments in the movant's reply brief." *Pippin v. Burlington Res. Oil Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (quotations omitted).

## MOTION

In their original motion, Defendants sought dismissal of Dr. Peddada's wrongful discharge claim on the sole basis that Dr. Peddada was not an employee and thus could not satisfy the purported first element of the claim. *See, e.g.*, Mot., ECF No. 21, at 4 ("[Dr.] Peddada was never employed by [Defendants]. Therefore, he could not have been discharged by [Defendants]."). Defendants did not attach any exhibits to their original motion. Nevertheless, in Section II of the reply, Defendants attach seven exhibits and make several related arguments all to support the original point that they did not employ Dr. Peddada. *See* Reply, ECF No. 27, at 3-8.

Because Defendants interjected a host of "new material" into the reply to buttress an argument *they raised* in their original motion, Tenth Circuit law entitles Dr. Peddada to a surreply. *Pirnie*, 2009 WL 1386997 at *1. Defendants should not be permitted to raise an argument, hide the ball on the details of their argument, and then buttress the argument by springing numerous

extraneous materials in reply.[2] Dr. Peddada simply seeks the opportunity to explain why such exhibits and arguments should be set aside at this stage of litigation or at the very least a fair opportunity to respond.

## CONCLUSION

For the foregoing reasons, Dr. Peddada respectfully requests that the Court grant leave and formally accept the filing of Dr. Peddada's proposed surreply attached to this motion as Exhibit A. Pursuant to the Court's Civil Practice Standard 7.1A(a)(1), Dr. Peddada is also submitting a proposed order granting this unopposed motion for leave.

Dated: November 21, 2023.

        RATHOD | MOHAMEDBHAI LLC

        *s/ Omeed Azmoudeh*
        Omeed Azmoudeh
        Iris Halpern
        Qusair Mohamedbhai
        2701 Lawrence Street, Suite 100
        Denver, Colorado 80205
        (303) 578-4400
        oa@rmlawyers.com
        ih@rmlawyers.com
        qm@rmlawyers.com

        *Attorneys for Plaintiff*

---

[2] In his response to the motion, Dr. Peddada pointed out that Defendants failed to address Dr. Peddada's alternate theory for wrongful withholding of work. *See* Resp., ECF No. 26, at 8-11. As such, in reply, Defendants addressed the alternate theory for the first time. *See* Reply. at 2-3, 8-9. Because Dr. Peddada opened the door to first-time arguments regarding his alternate theory, Dr. Peddada is not seeking leave for a surreply to address those particular arguments. Dr. Peddada is only seeking leave to address the reply's new contentions directed towards his status as an employee (which, again, was the *exclusive* scope of Defendants' original motion).

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November 2023, the foregoing **PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY TO MOTION TO DISMISS WRONGFUL DISCHARGE CLAIM [ECF NO. 21]** was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                   RATHOD | MOHAMEDBHAI LLC


                   *s/ Omeed Azmoudeh*
                   Omeed Azmoudeh

                   *Attorney For Plaintiff*