# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01921-RMR-MDB

DR. ANUJ PEDDADA

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO D/B/A CENTURA HEALTH-PENROSE-ST. FRANCIS HEALTH SERVICES; and,
COMMONSPIRIT HEALTH FOUNDATION D/B/A COMMONSPIRIT HEALTH

    Defendants.

---

**PLAINTIFF'S SURREPLY TO MOTION TO DISMISS
WRONGFUL DISCHARGE CLAIM [ECF NO. 21]**

---

In Section II of the reply in support of their motion to dismiss, Defendants make a series of arguments directed towards whether Defendants formed an employment relationship with Dr. Peddada. In making these arguments, Defendants rely heavily on two extraneous exhibits not referenced in the Complaint. These arguments exceed the permissible scope of matters for consideration on a motion to dismiss, and therefore Plaintiff Dr. Anuj Peddada respectfully requests that the Court disregard Section II of the reply in its entirety. In the alternative, if the Court elects to consider the additional materials in Section II of the reply, Plaintiff respectfully requests that the Court convert Defendants' motion to dismiss into a motion for summary judgment and permit additional briefing after the close of discovery.

## LEGAL STANDARD

In the Tenth Circuit, the "usual rule is that a court should consider no evidence beyond the

1

pleadings on a Rule 12(b)(6) motion to dismiss." *Waller v. City and County of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (citations omitted). There is a "limited exception" that allows a court to consider "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id*. at 1282-83 (approving district court's refusal to consider matters "not referred to in either the original or the first amended complaint"). If a court considers extraneous materials that do not fit the limited exception, the court must convert the motion to dismiss to a motion for summary judgment under Rule 56. *Woodie v. Berkshire Hathaway Homestate Ins. Co.*, 806 Fed. Appx. 658, 664-65 (10th Cir. 2020) ("When outside materials are not excluded by the court, failing to convert a 12(c) motion is reversible error unless the dismissal can be justified without considering the outside materials.") (citations omitted).

However, conversion of a Rule 12(b)(6) motion to one under Rule 56 is not automatic. *Golden v. Mentor Cap., Inc.*, No. 2:15-CV-176-JNP-BCW, 2016 WL 10100280, at *2 (D. Utah Apr. 19, 2016). "Courts have broad discretion in determining whether or not to accept materials beyond the pleadings." *Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998). The mere fact that a party has submitted documents alongside their Rule 12(b)(6) motion does not require the district court to rely on or consider them. *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1342 (10th Cir. 2000). And if the court elects to consider them and convert the Rule 12 motion to one under Rule 56, then "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The party objecting to summary judgment may petition for additional discovery pursuant to Rule 56(d) (previously 56(f)), showing how further discovery is needed before the party can respond, and such requests must be "liberally treated." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d

1550, 1554 (10th Cir. 1993).

## MOTION

### I. Defendants Make Numerous Impermissible Arguments for the First Time in Their Reply Brief Relying on Two Exhibits Not Referenced in the Complaint.

Without providing any legal basis for doing so, Defendants attach to their reply in support of their motion to dismiss, for the first time, the transcript of a prelitigation deposition of Dr. Peddada, ECF No. 27-1, and an internal email in which Defendants' Chief Medical Officer Dr. Bill Plauth purportedly summarizes Dr. Peddada's statements on a phone call, ECF No. 27-6. Neither exhibit is appropriate to consider at this stage because neither exhibit is referenced anywhere in the Complaint. *Waller*, 932 F.3d at 1282-83. Nevertheless, Defendants rely on these two exhibits throughout Section II of their reply to argue that Defendants never employed Dr. Peddada. *See* Reply, ECF No. 27, at 3-8 (citing the transcript approximately **sixteen times** to support "undisputed facts"). The Court must disregard any argument relying on those two exhibits.

Beyond violating the unequivocal parameters of a motion to dismiss, consideration of these arguments and the underlying exhibits also presents real prejudice to Dr. Peddada. With respect to the transcript, Defendants asked to take the deposition of Dr. Peddada prior to the lawsuit as part of what they represented would be a good faith effort towards resolution and in preparation for a mediation. Defendants indicated that the deposition would focus primarily on Dr. Peddada's claimed damages. Instead, Defendants introduced numerous undisclosed exhibits during the deposition and interrogated Dr. Peddada on the merits of his claims. They then unilaterally cancelled the mediation. Now, Defendants unleash the transcript (for the first time in the reply) before Dr. Peddada has had the opportunity to perform fulsome discovery. It would be patently unfair to consider arguments based on a surprise-riddled deposition at this early stage, one during which counsel for Dr. Peddada raised numerous objections.

3

Similarly, with respect to the email purportedly summarizing Dr. Peddada's statements, Defendants take the fascinating position that the email is a recording of undisputed facts. *See* Reply, ECF No. 27, at 7, ¶ 14 ("Exhibit 11 records the undisputed facts [that Dr. Peddada made various statements and intended various meanings]"). The email was not authored by Dr. Peddada but Defendants' own self-serving witness, and Defendants asked Dr. Peddada during the deposition whether the email seemed "like a fair summary of the call," to which he responded: "No. Does Not." ECF No. 27-1, 61:17-20. Indeed, Dr. Peddada disputes, *inter alia*, the accuracy of that summary, whether he made the statements in the email, the admissibility of the exhibit, and the exhibit's probative value. And he intends to perform discovery to contextualize the email by, for example, requesting production of related emails and deposing the sender.

In sum, it would not follow the letter of the law nor serve the purpose of liberal pleading to adjudicate Dr. Peddada's claims absent his opportunity to put arguments based on these extraneous exhibits into the appropriate legal and factual context.

## II. The Arguments Arising From the Two Impermissible Exhibits Taint All Remaining Arguments in Section II of the Reply.

In Section II of the reply, Defendants make a few arguments that appear, at least on first blush, to be based on the Complaint and other permissible exhibits. However, even when discussing normally appropriate materials, Defendants color their arguments in every which way with information gleaned from the two inappropriate exhibits discussed above. Indeed, all remaining arguments in Section II are tainted, and therefore Dr. Peddada asks the Court to disregard Section II of the reply in its entirety.

For example, Defendants attached to their reply an employment agreement that Dr. Peddada signed and accepted. ECF No. 27-7. Dr. Peddada does not dispute that he referenced that agreement in the Complaint. Thus, Defendants' reference to that agreement would normally be

4

permissible on a motion to dismiss. *Waller*, 932 F.3d at 1282-83.  However, Defendants argue that Dr. Peddada "knew" the employment agreement was an "incomplete discussion draft," not a valid agreement. *See* Reply at 5, ¶ 6-8. To support their assertion, Defendants cite Dr. Peddada's deposition *ad nauseum*, which is not a matter for consideration.[1] Similarly, Defendants argue that the employment agreement needed to be "signed and approved by Jason Tacha … in order to be effective." *Id*. at 8 ¶ 16. Again, Defendants cite the extraneous deposition to say that Dr. Peddada "knew" this intricacy of Defendants' signatory process. *Id*.[2] This pattern of using impermissible materials to bolster their positions is present throughout Section II of the reply, and therefore the Court should disregard that section in its entirety.

### III. If the Court Considers Defendants' Litany of New Arguments, then the Court Should Convert the Motion and Permit Additional Briefing Following the Close of Discovery.

If the Court considers Section II of the reply, then Plaintiff requests that the Court convert the motion to dismiss, permit Plaintiff to engage in the discovery process, and allow additional briefing prior to any ruling. *See, e.g.*, *De Baca v. United States*, 403 F.Supp.3d 1098, 1130-31 (D.N.M. 2019) (converting motion to dismiss into motion for summary judgment and refusing to stay discovery because additional discovery "may provide information useful to opposing the [motions]" and because the nonmovants "indicated that they require such information to respond"). The key issues here—whether an employment relationship existed and whether Dr. Peddada engaged in protected activity during the course of that employment—are questions of fact based on the totality of the circumstances.  *See, e.g., Yaekle v. Andrews*, 169 P.3d 196, 199 (Colo. App.

---

[1] Nor is the assertion undisputed—even in the cherry-picked version of the deposition transcript that Defendants attach to their reply, Dr. Peddada testified he "was not aware" that Defendants viewed the agreement as invalid. ECF No. 27-1, 30:5-11.

[2] And again, while Defendants present Dr. Peddada's awareness of the signatory process to be undisputed, the assertion is clearly disputed. *See* ECF No. 27-1, 73:24-25 ("I understood it to be fully executed.").

5

2007) ("the factfinder must determine whether a contract exists … based on consideration of all the circumstances"); *City of Brighton v. Rodriguez*, 318 P.3d 496, 501 (Colo. 2014) (determining whether a party engaged in protected conduct during the course of employment requires consideration of "the totality of the circumstances"). Given the nature of the inquiries at issue, there are numerous areas in which Dr. Peddada requires discovery, including but not limited to the following:

- the veracity of Defendants' assertions that the employment agreement was an incomplete draft, required loan repayment terms by law, and was not effective unless signed by Mr. Tacha;
- the effect of Dr. Peddada's medical leave rolling over his start date;
- how Defendants contemporaneously characterized Dr. Peddada and his conduct;
- whether Defendants gave Dr. Peddada the indicia of employment, such as putting Dr. Peddada into payroll, enrolling him in benefits, signing him up for training, etc.;
- Defendants' conduct with respect to comparator new employees.

In short, Dr. Peddada needs to tell the whole story to show that there are genuine disputes under inquiries that turn on questions of fact and the totality of the circumstances. But he cannot tell the whole story until he engages the discovery process in full. By contrast, relying on Defendants' selective storytelling to conclude, in a fact-intensive inquiry, that no material disputes exist at this early stage would run afoul the general principle of Rule 56(d) "that summary judgment should be refused where the nonmoving party has not had the opportunity to discovery information that is essential to his opposition." *Cimino v. State Farm Fire and Casualty Co.*, No. 21-cv-01905-CMA-MDB, 2022 WL 2829908, at *2 (D. Colo. 2022). [3]

---

[3] Plaintiff is mindful of Rule 56(d)'s requirement that an affidavit or declaration accompany a request for discovery prior to ruling on a motion for summary judgment. At this juncture, there is no motion for summary judgment. *See*, *e.g.*, *De Baca*, 403 F. Supp. 3d at 1130 (where the court converted motion to dismiss into motion for summary judgment, the court did not require affidavit or declaration in also granting additional discovery). Indeed, Plaintiff's primary request is that the Court not convert the motion and simply disregard Section II of the reply. Nevertheless, if the Court converts the motion and decides that Plaintiff must submit an affidavit or declaration to show the necessity of discovery prior to a ruling, Plaintiff respectfully requests an opportunity to oblige.

## **CONCLUSION**

For reasons stated above, Dr. Peddada respectfully requests this Court disregard Section II of Defendants' reply in its entirety. In the alternative, if the Court prefers to consider the new exhibits and related arguments, Dr. Peddada requests that the Court convert the motion to one for summary judgment and permit additional briefing after the close of discovery.

Dated: November 21, 2023.

                                                          RATHOD | MOHAMEDBHAI LLC

                                                          *s/ Omeed Azmoudeh*
                                                          Omeed Azmoudeh
                                                          Iris Halpern
                                                          Qusair Mohamedbhai
                                                          2701 Lawrence Street, Suite 100
                                                          Denver, Colorado 80205
                                                          (303) 578-4400
                                                          oa@rmlawyers.com
                                                          ih@rmlawyers.com
                                                          qm@rmlawyers.com

                                                          *Attorneys for Plaintiff*

7