**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01921-RMR-MDB

DR. ANUJ PEDDADA,

      Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO d/b/a CENTURA HEALTH-PENROSE-ST. FRANCIS HEALTH SERVICES; and
COMMONSPIRIT HEALTH FOUNDATION d/b/a COMMONSPIRIT HEALTH,

      Defendants.

## PENROSE'S RESPONSE TO PEDDADA'S REQUEST FOR RULE 56(D) RELIEF

Defendants Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services ("Penrose") and CommonSpirit Health Foundation d/b/a CommonSpirit Health (collectively, "Penrose"), by and through counsel, hereby submit a response to Dr. Peddada's request in his Surreply for the relief that can be granted under Rule 56(d). In support thereof, Penrose states as follows:

D.C.COLO.LCivR 7.1(d) states: "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." This Rule prevents litigants from seeking relief in briefs in a way that would deny the opposing party the opportunity to respond. On two occasions, Peddada has neglected this Rule. First, in response to Penrose's Motion to Dismiss Wrongful Discharge Claim, Peddada requested the opportunity to amend his Complaint. Response at 12. Now, on pages 5 and 6 of his Surreply, he "requests" the Court to "permit Plaintiff to engage in the discovery process… prior to any ruling" and specifies areas in which he requires discovery. Without filing a motion, Peddada asks the Court to grant 56(d) relief

while reserving the right to submit a 56(d) motion later. This request not only violates Local Rule 7.1(d), but is futile. So as to not be deprived of the opportunity to respond to such request, Penrose submits this Response.

The bulk of Peddada's briefing in response to Penrose's Motion to Dismiss has been aimed at convincing this Federal Court to ignore Colorado's specification of the elements of a wrongful discharge claim and extend it to prospective employees. As thoroughly explained in Penrose's Reply in Support of Motion to Dismiss Wrongful Discharge Claim, such a claim can only be asserted by an employee who is discharged from employment during the course of the employment. *See* Reply at 1-3. The Tenth Circuit has clearly rejected an attempt to make wrongful discharge relief available outside of the parameters established by the Colorado courts. *See Freeman v. United Airlines*, 52 F. App'x. 95, 102 (10th Cir. 2002).

No amount of discovery can change the clear and undisputed fact that Peddada's employment was set begin, at the earliest, on July 1, 2022. *See* Complaint ¶ 97 ("Dr. Peddada's leave started several months before **his first official day of work at Centura, which was set for July 1, 2022**. He would have only needed to delay his start date by one month under the terms of his employment agreement."). Thus, the date on which Peddada alleges that his employment was to begin was either July 1 or August 1 of 2022. Peddada's Complaint clearly confirms that on May 13, 2022 (either 1.5 or 2.5 months before his employment would have begun), he knew that Centura had "**revoked my offer of employment**… ." *See* Complaint ¶¶ 140, 142 (emphasis added); *see also* Complaint ¶ 189 ("Defendants **excluded Dr. Peddada from employment**[.]") (emphasis added). No amount of discovery can change the clear and undisputed fact that Peddada never began employment at Penrose at any time. None of the areas in which Peddada asserts, on page 6 of his Surreply, that he requires discovery can change that fundamental fact.

Peddada's Complaint clearly references both the incomplete (Complaint ¶¶ 78-80) and complete (Complaint ¶¶ 104-107) Physician Employment Agreement sent to Peddada, which are central to Peddada's claims. Peddada makes no objection to the Court's consideration of these exhibits in his Surreply. Peddada relies on the Physician Employment Agreement for the assertion that he was an employee of Penrose. No amount of discovery could change the unequivocal specification of the date upon which his employment status would begin.

The first draft of the standard Physician Employment Agreement sent for review to Peddada contained a "mutually agreed upon start date of July 1, 2022[.]" Complaint, ¶ 80; *See also* Exhibit 13 to Penrose's Reply. The incomplete discussion draft, as well as the completed version of the Physician Employment Agreement, contained an Effective Date of July 1, 2022. *See id.*; *see also* complete Physician Employment Agreement, Exhibit 7 to Penrose's Reply. Each version contained a Section 1.2 entitled "**Employment Status**" that specifically identified when the Physician would begin to "provide Services as an employee" by reference to "a date on or after the Effective Date that is mutually agreed upon between the parties ("Start Date")." *See* Exhibit 13 and Exhibit 7. Peddada's Complaint further confirms that he "did, however, intend to **continue working** at Penrose **through ROPC until his start date**[.]" Complaint, ¶ 98 (emphasis added). Thus, until Peddada's July 1 or August 1 Start Date at Penrose, he was clearly employed by ROPC, not Penrose.

While Peddada's own deposition testimony[1] that he asks the Court to ignore only provides further support for the fact that Peddada was never an employee at Penrose, but rather was, in his

---

[1] On page 3 of his Surreply, Peddada objects to Penrose's use of Peddada's own prior sworn testimony in its Reply, arguing that his deposition was just a "prelitigation deposition" and that Penrose "indicated that the deposition would focus primarily on Dr. Peddada's claimed damages." That statement to the Court is completely false. The parties neither agreed that Peddada's deposition would be limited to prelitigation use nor that the scope of questioning would be limited to damages. On the contrary, as demonstrated by the email correspondence between counsel for the parties attached hereto as Attachment 2, the parties agreed that the hours spent during the deposition would count against the total hours Penrose would eventually have in this case to depose Peddada. Peddada's deposition was therefore always

3

own words, a "private physician", the Court does not need to look beyond the allegations of the Complaint and the employment agreements referred to therein to grant Penrose's Motion to Dismiss. The Court does not need to convert the Motion to Dismiss to a summary judgment motion and does not need to allow Peddada to embroil the parties in needless discovery. One thing remains clear: Peddada has not (and cannot) put forth any evidence that he was a Penrose employee on May 10, 2022, when the offer of employment was revoked by Penrose. Peddada admits that his offer of employment was revoked before his employment would have ever started. Unless this Court intends to extend Colorado's wrongful discharge claims to prospective employees, this Court should deny Peddada's request for 56(d) relief and grant Penrose's Motion to Dismiss.

Respectfully submitted this 29th day of November, 2023.

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

By: *s/ Mark L. Sabey*
Melvin B. Sabey
Mark L. Sabey
Lindsay K. McManus
999 17th Street, Suite 800, Denver, CO 80202
(303) 801-3535 / melsabey@hallrender.com
(303) 801-3538 / marksabey@hallrender.com
(303) 802-1293 / lmcmanus@hallrender.com

ATTORNEYS FOR DEFENDANTS

---

intended to be used in the litigation. Moreover, when asked about what the topics of the deposition would be, Penrose's counsel made clear that "[t]he topics would be related to the core issues in the case and Dr. Peddada's version of the events." There was no mention of damages being a topic. *See* Attachment 2. Finally, Peddada's statement that Penrose "unilaterally cancelled the mediation" is also false. In a January 31, 2023 email, counsel for Peddada expressed "we agree that a settlement conference at this time will not be helpful or productive. The parties are just too far apart." Peddada's attempts to dodge responsibility for and distance himself from his own sworn statements, as well as his counsel's misstatements of fact and attempts to put Penrose's counsel in a false light should not be rewarded.

4

CERTIFICATE OF SERVICE

The undersigned certifies that on November 29, 2023, a true and correct copy of the foregoing was filed via CM/ECF which serves the following parties electronically:

Iris Halpern
Qusair Mohamedbhai
Omeed Azmoudeh
Rathod | Mohamedbhai LLC
2701 Lawrence St., Ste. 100
Denver, CO 80202
ih@rmlawyers.com
qm@rmlawyers.com
oa@rmlawyers.com
*Attorneys for Plaintiff*

*s/ Rebecca Gibson*
Rebecca Gibson, Legal Administrative Assistant