# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 23-cv-01921-NYW-MDB

DR. ANUJ PEDDADA,

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO d/b/a CENTURA HEALTH-PENROSE-ST. FRANCIS HEALTH SERVICES, and
COMMONSPIRIT HEALTH FOUNDATION d/b/a COMMONSPIRIT HEALTH,

    Defendants.

## ORDER ON MOTION TO AMEND

Pending before the Court is the Motion for Leave to File First Amended Complaint ("Motion to Amend" or "Motion") filed by Plaintiff on April 9, 2024. [Doc. 50]. Defendants timely responded in opposition to the Motion to Amend, [Doc. 54], and Plaintiff filed a reply, [Doc. 56]. The issues have been fully briefed, and the Court does not believe that oral argument would materially aid in the resolution of this matter. For the reasons set forth below, the Court **GRANTS** the Motion to Amend.

## BAGKGROUND

Plaintiff Dr. Anuj Peddada ("Plaintiff" or "Dr. Peddada") initiated this action on July 27, 2023, against Defendants Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services ("CHIC" or "Penrose") and CommonSpirit Health Foundation d/b/a CommonSpirit Health ("CommonSpirit" and together, "Defendants"). [Doc. 1].

Dr. Peddada is a board-certified radiation oncologist. [*Id.* at ¶ 13]. For decades, Dr. Peddada operated a private practice through which he provided cancer treatment to patients at Penrose. [*Id.* at ¶¶ 21–23]. According to the operative Complaint, in April 2022, Penrose convinced Dr. Peddada to accept an offer of employment to move in-house at Penrose. [*Id.* at ¶¶ 73, 77–78]. Shortly thereafter, Dr. Peddada requested medical leave and disclosed to Penrose that he was suffering from physiological and psychological symptoms of physician burnout. [*Id.* at ¶¶ 110–18]. Days later, Penrose abruptly retracted its employment offer and terminated its relationship with Dr. Peddada. [*Id.* at ¶¶ 119–27]. This lawsuit followed.

Dr. Peddada asserts ten claims for relief against Defendants, including six claims under the Americans with Disabilities Act ("ADA"), [*id.* at ¶¶ 153–84]; a claim under the Rehabilitation Act of 1973, [*id.* at ¶¶ 185–91]; and Colorado state law claims for wrongful discharge in violation of public policy, unjust enrichment, and civil conspiracy, respectively, [*id.* at ¶¶ 192–220].

On September 20, 2023, the Parties filed a Proposed Scheduling Order, wherein Defendants asserted that "CommonSpirit is not a proper party." [Doc. 14 at 3]. The next day, Defendants filed a partial motion to dismiss, seeking to dismiss only Dr. Peddada's wrongful discharge in violation of public policy claim ("Partial Motion to Dismiss"). [Doc. 21]. Defendants did not seek to dismiss CommonSpirit or otherwise argue that CommonSpirit is "not a proper party." *See generally* [*id.*].

On October 4, 2023, the Honorable Maritza Dominguez Braswell entered a Scheduling Order in this case. [Doc. 25].[1] The Scheduling Order sets forth Defendants' positional statement, which includes in relevant part:

> Common Spirit is not a proper party. Catholic Health Initiatives Colorado (CHIC) is the proper party. Common Spirit is the sole member of CHIC, but that fact does not make it a proper party, because it took no action relevant to this case. Centura was a "subsidiary" of CHIC and Adventist Health that jointly managed their facilities, but, as of August 1, 2023, Centura and the joint management are now gone. . . . The facilities are now directly managed by their owners, which in the case of Penrose is CHIC. Centura has not been succeeded by CommonSpirit Health.

[*Id.* at 3]. Pursuant to the Scheduling Order, the deadline for amendment of pleadings was October 31, 2023, and discovery closes on November 14, 2024. [*Id.* at 11].

On March 6, 2024, Defendants served "Penrose's Objections and Responses to Plaintiff's First Set of Requests for Production of Documents." [Doc. 50-3]. Relevant here, Defendants refused to respond to discovery requests on behalf of CommonSpirit because:

> Defendants collectively object to inclusion of CommonSpirit Health Foundation d/b/a CommonSpirit Health as a party, an organization that had nothing to do with the facts of this case. Therefore, each of the interrogatories [sic] responses and documents produced are solely answered and produced by and on behalf of Penrose – not CommonSpirit. CommonSpirit will not be doing any discovery unless otherwise ordered by the Court to do so.

[*Id.* at 3].

---

[1] Originally, the case proceeded before Judge Dominguez Braswell. [Doc. 4]. Upon the Parties' non-consent to the jurisdiction of a magistrate judge, [Doc. 13], this case was reassigned to the Honorable Regina M. Rodriguez, [Doc. 15], who referred this case to Judge Dominguez Braswell for non-dispositive matters, [Doc. 18]. This matter was later reassigned to the Honorable S. Kato Crews upon his appointment, [Doc. 42], and reassigned to the undersigned on April 11, 2024, [Doc. 52; Doc. 53].

Then, during a phone call on March 18, 2024, Defendants raised a technical nomenclature issue for the very first time. [Doc. 50 at 3].[2] Specifically, Defendants informed Dr. Peddada's counsel that the naming of "CommonSpirit Health Foundation d/b/a CommonSpirit Health" is incorrect because CommonSpirit Health Foundation ("CHF"), is a fundraising entity unrelated to the business of CommonSpirit. [*Id.*]. Thus, the appropriate nomenclature is simply "CommonSpirit." [*Id.*]. Dr. Peddada agreed to amend the Complaint to correct the issue. [*Id.*].

Two days later, Judge Dominguez Braswell denied Defendants' Partial Motion to Dismiss, triggering the 14-day deadline for Defendants to file an answer to the Complaint. [Doc. 46]. In anticipation of the instant Motion to Amend, Defendants sought and received an extension of time to file an answer to the original Complaint. [Doc. 47]. Pursuant to an order issued by Judge Crews on April 4, 2024, Defendants' answer deadline remains contingent on the Court's acceptance of Dr. Peddada's Amended Complaint. [Doc. 48].

The instant Motion to Amend was filed on April 9, 2024. [Doc. 50]. Dr. Peddada asks for leave to amend his Complaint to correct the nomenclature issue and to supplement his existing allegations regarding Defendants' joint liability. *See generally* [*id.*]. If the Court grants the Motion to Amend, Dr. Peddada also asks the Court to prohibit Defendants from filing a motion to dismiss the Amended Complaint, on grounds that Defendants should not get a "third bite at the apple." [*Id.* at 14 (emphasis omitted)]. Defendants oppose the Motion. [Doc. 54]. The Court considers the Parties' arguments below.

---

[2] Defendants do not dispute this fact in response to the Motion to Amend. *See generally* [Doc. 54].

4

**LEGAL STANDARD**

When a party files a motion to amend after the expiration of the deadline to amend pleadings, the Court considers the motion pursuant to both Rule 15 and Rule 16 of the Federal Rules of Civil Procedure. First, the Court determines whether the moving party has demonstrated good cause to amend the Scheduling Order pursuant to Rule 16(b). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014). Then, the Court considers whether the amendment is appropriate under Rule 15(a). *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (alteration in original)). This burden is satisfied when, for example, a party learns of new information through discovery, or when the governing law has changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

Rule 15(a), on the other hand, provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A general

5

presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is improper, *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020); *see also Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009) (non-moving party has burden of demonstrating futility). Whether to allow amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978–79 (10th Cir. 1996).

## ANALYSIS

As explained above, the Court applies a two-part analysis to determine whether amendment is appropriate in this case. Because Dr. Peddada seeks leave to amend after the deadline set forth in the Scheduling Order, I must first consider his diligence under Rule 16(b). Then, I turn to the second part of the two-step inquiry; that is, I consider whether Defendants, as the non-moving party, have met their burden of showing that amendment would be futile or would cause substantial prejudice, undue delay, or injustice under Rule 15. *See Openwater Safety IV, LLC*, 435 F. Supp. 3d at 1151–52 .

**I.    Dr. Peddada Establishes Good Cause for Amendment After the Deadline.**

Dr. Peddada's Motion to Amend explains that he seeks to correct a technical misnomer and supplement existing allegations regarding CommonSpirit's joint liability. [Doc. 50 at 6–8]. The Court considers whether Dr. Peddada has diligently pursued these two amendments in turn.

*Nomenclature.* First, Dr. Peddada seeks to replace "CommonSpirit Health Foundation d/b/a CommonSpirit Health" with "CommonSpirit Health" based on information provided by Defendants for the first time on March 18, 2024. [*Id.* at 3].

6

Defendants concede the timing of this disclosure, but nevertheless fault Dr. Peddada for failing to independently discover the nomenclature issue earlier in this case. [Doc. 54 at 1–2]. Specifically, Defendants assert that Dr. Peddada's failure to conduct "basic research" on various public websites warrants denial of the Motion to Amend. [*Id.*]. The Court respectfully disagrees.

Dr. Peddada rebuts Defendants' argument with persuasive authority to the contrary. [Doc. 56 at 2–3 (citing *Barrett v. Qual-Med, Inc.*, 153 F.R.D. 653, 655 (D. Colo. 1994) and cases applying *Barrett* in the Rule 16(b) context)]. Rather than wait to raise the nomenclature issue only after the deadline for amendment of pleadings has passed, "the normal, and decent, procedure in situations such as this is to raise the matter by a telephone call notifying opposing counsel she has sued the wrong entity, so that a correction can be made with a minimum of wasted time and expense." *See Barrett v. Qual-Med, Inc.*, 153 F.R.D. 653, 655 (D. Colo. 1994); *see also Pears v. Mobile Cnty.*, 645 F. Supp. 2d 1062, 1086 (S.D. Ala. 2009) (applying *Barrett* and concluding that "[i]t would be manifestly unjust to preclude [plaintiff] from correcting the misnomer in his Complaint that defendants concealed from him until after the deadline for amending pleadings had passed"); *EEOC v. AutoNation USA Corp.*, No. CV 05-1575-PHX-ROS, 2007 WL 9724419, at *2 (D. Ariz. May 3, 2007) (granting motion to amend where defendant waited 17 months after the complaint was filed to "clearly articulate[] its belief that it was not the proper defendant," noting that had the defendant "alerted Plaintiff at the start of this case, or filed a motion to dismiss, the complaint could have been amended and the case proceeded against the proper party from the beginning"). While the decisions in *Barrett*,

7

*Pears*, and *AutoNation USA* are not binding on this Court, I nevertheless find their reasoning persuasive and applicable to the instant Motion.

Here, Defendants do not dispute that they first raised the nomenclature issue relating to CommonSpirit and CHF on March 18, 2024. [Doc. 50 at 3–4; Doc. 54 at 1–3; Doc. 56 at 4 n.1]. Dr. Peddada sought leave to amend his Complaint approximately three weeks later. [Doc. 50]. The Court finds that Dr. Peddada acted diligently in moving to amend on this basis. *See Swanson v. N. Light Specialty Ins. Co.*, No. 20-cv-03778-RMR-NRN, 2022 WL 500294, at *3 (D. Colo. Feb. 18, 2022) (the plaintiff acted diligently in moving to amend five weeks after learning of new information that formed the basis of the amendment). Accordingly, Dr. Peddada has demonstrated good cause for his request to amend the Complaint to correct the late-disclosed nomenclature issue after the deadline for amendment of pleadings.

**Joint Liability**. Next, the Court considers Dr. Peddada's diligence in seeking leave to supplement his joint liability related allegations. Dr. Peddada explains that he seeks to include these allegations only now because, inter alia, (1) Defendants never sought dismissal of CommonSpirit as an improper party, and (2) CommonSpirit refuses to participate in discovery in this case. [Doc. 50 at 7]. The Court finds both arguments persuasive.

While Defendants indicated in the Proposed Scheduling Order that CommonSpirit is "not the proper party," [Doc. 14 at 3], Defendants elected not to include this argument in their subsequently filed Partial Motion to Dismiss, *see generally* [Doc. 21]. According to Dr. Peddada, Defendants' failure to seek early dismissal of CommonSpirit "indicat[ed] that they believed the Complaint plausibly alleged joint liability," so "until now, [he] saw

8

no need for additional allegations on the topic." [Doc. 50 at 7]. Given that the naming of an improper party is an issue that can and "should be promptly and clearly raised by a timely motion to dismiss," *Barrett*, 153 F.R.D. at 655, the Court finds that Defendants' failure to do so supports the inference drawn by Dr. Peddada.

Moreover, Dr. Peddada explains that his efforts to supplement his existing allegations regarding CommonSpirit's joint liability were prompted by Defendants' discovery conduct, including Defendants' objections to Dr. Peddada's First Set of Requests for Production of Documents served on March 6, 2024. [Doc. 50 at 7–8; Doc. 50-3 at 3 ("Defendants collectively object to inclusion of . . . CommonSpirit Health as a party . . . . CommonSpirit will not be doing any discovery unless otherwise ordered by the Court to do so.")]. In other words, the need for supplemental joint liability allegations became apparent only after Defendants refused to engage in discovery on behalf of CommonSpirit. *See, e.g.*, [Doc. 50-3 at 3]. Because Dr. Peddada diligently filed the instant Motion approximately one month later—with a contemporaneously filed proposed First Amended Complaint that includes robust supplemental allegations directed at resolving the Parties' dispute over CommonSpirit's participation in this lawsuit—the Court finds good cause to modify the Scheduling Order pursuant to Rule 16(b). *See Swanson*, 2022 WL 500294, at *3.

II.     **Defendants Fail to Show that Amendment is Improper under Rule 15(a).**

Having decided that good cause exists for amendment under Rule 16, the Court must decide whether Dr. Peddada's proposed amendment is appropriate under Rule 15(a). Defendants state that they are unopposed to an amendment to correct the nomenclature issue by removing "CommonSpirit Health Foundation d/b/a CommonSpirit

Health" as a defendant. [Doc. 54 at 1]. Defendants do, however, oppose any additional amendment. [*Id.* at 2].

As mentioned above, the Court may deny leave to amend based on undue delay, undue prejudice to opposing parties, bad faith, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank*, 3 F.3d at 1365. Defendants, who bear the burden of demonstrating that the requested amendment is improper on one of these bases, see *Openwater Safety IV, LLC*, 435 F. Supp. 3d at 1151, primarily argue that the Motion to Amend is untimely, [Doc. 54 at 2]. For the reasons discussed above, the Court finds that Dr. Peddada did not unduly delay filing the Motion to Amend. Defendants' remaining arguments are equally unavailing.

Notably, Defendants' characterization of CommonSpirit as a "new party" named "late in the litigation," [*id.* at 2], is belied by the record, including Defendants' positional statement set forth in the Scheduling Order, *see* [Doc. 25 at 3 (asserting that CommonSpirit is an improperly named party, with no mention of CFH's role in the case)]. And Dr. Peddada's proposed amendments do not assert any new claims or theories of recovery. Instead, Dr. Peddada seeks to clarify and bolster existing joint liability allegations to "more accurately allege Defendants' corporate relationships" following a "significant corporate shakeup" that he "anticipated" in his original Complaint—a move prompted by CommonSpirit's refusal to meaningfully participate in this lawsuit. [Doc. 50 at 7]. Thus, "the addition of potentially clarifying facts does not unfairly affect [Defendants'] ability to defend this lawsuit." *See Galvan v. First Vehicle Servs., Inc.,* No. 19-cv-02143-PAB-KMT, 2020 WL 1166857, at *4 (D. Colo. Mar. 11, 2020).

Finally, while the Court notes that Penrose has already filed a Motion for Summary Judgment, "any prejudice to [Penrose] is slight because [it] will be able to file substantially similar briefing" in response to the amended pleading, *Faircloth v. Hickenlooper*, No. 18-cv-01249-RM-STV, 2019 WL 1002935, at *3 (D. Colo. Mar. 1, 2019), which merely seeks to correct a late-disclosed nomenclature issue and supplement existing allegations regarding joint liability.  Thus, Defendants have not demonstrated any bad faith, undue delay, undue prejudice, or futility grounds sufficient to justify denial of Dr. Peddada's proposed amendments.  Accordingly, the Court will grant the Motion to Amend.

### III.     Dr. Peddada's Request for Additional Relief

Defendants indicate that if Plaintiff's Motion to Amend is granted, they will file a motion to dismiss setting forth the relevant factual and legal arguments at that time. [Doc. 54 at 3].  Dr. Peddada asks the Court to enter an order prohibiting Defendants from filing a motion to dismiss the Amended Complaint because Defendants should not get "three bites at the apple."  [Doc. 50 at 14 (emphasis omitted)].  Given the fact that Penrose already filed a Motion for Summary Judgment, [Doc. 63]; extensive discovery has been taken and is due no later than November 15, 2024; and the facts to dispute a theory of joint employment and/or other defenses lie primarily with Defendants and/or CommonSpirit, this Court finds that it would be most expeditious—and would promote judicial economy—for Defendants to raise any deficiencies that they would otherwise raise in the context of a motion to dismiss in a forthcoming motion for summary judgment. Fed. R. Civ. P. 1.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff Dr. Anuj Peddada's Motion for Leave to File First Amended Complaint, [Doc. 50], is **GRANTED**;

(2) On or before **November 1, 2024**, Plaintiff shall file a clean copy of his First Amended Complaint as a separate docket entry;

(3) Defendant Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services' Motion for Summary Judgment, [Doc. 63], is **DENIED without prejudice as moot**;[3] and

(4) Defendants **SHALL FILE** a response to Plaintiff's First Amended Complaint on or before **November 15, 2024.**

---

[3] The Amended Complaint renders moot Penrose's pending Motion for Summary Judgment, which is directed at the original Complaint. [Doc. 63]. "[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (quotation marks omitted); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (3d ed. 2010) ("A pleading that has been amended . . . supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). Thus, any motion directed at the original complaint is rendered moot by the filing of an amended complaint. *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006). Although the arguments raised by the Motion for Summary Judgment apply to the forthcoming First Amended Complaint, this Court anticipates that Defendants and CommonSpirit may have additional arguments directed at the First Amended Complaint and thus, a single dispositive motion due no later than December 16, 2024, [Doc. 43], is appropriate.

DATED:  October 31, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge